**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFERY L. ANDERSON, | ) | CASE NO. 5:18 CV 1783 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DEREK KOSAC, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Jeffery L. Anderson filed this action against Summit County Sheriff Deputies Derek Kisac, Rick Wright and Kolpenstein. In the Complaint, Plaintiff alleges he was assaulted by one or more of the Defendants but he does not elaborate on the allegation. He filed what appears to be an Amended Complaint on August 3, 2018 in which he contends he was assaulted by Deputy Wright. He seeks monetary damages.

## I. Background

Plaintiff's Complaint contains no factual allegations. He states only that his left wrist and head were slammed against steel and he was strapped in a chair and stuck with a needle. He does not state who perpetrated these acts. He alleges he developed a hematoma in his right leg.

Plaintiff's Amended Complaint is a bit disjointed but contains additional information. He states that on June 18, 2018 he noticed Deputy Wright standing in his cell. He alleges Deputy

Wright stated to him "I'm going to f*** you up." Plaintiff indicates he jumped down from the top bunk and "stood in his face." Deputy Wright told him to sit on the bunk but he refused and held his position. Plaintiff contends Deputy Wright struck him and told him to sit on the bunk. Plaintiff states he still refused to move. Wright pressed his radio and asked for assistance. Plaintiff alleges Wright struck him again and placed him in a choke hold. Plaintiff claims he placed his arms around Wright's legs and lifted him off of ground and placed him on a steel table. He indicates Wright tightened his grip on Plaintiff so Plaintiff once again picked Wright up, this time placing him on the bottom bunk. The struggle continued and Plaintiff maneuvered Wright to the floor. He contends he pushed Wright under the bunk and got on top of him. He states he then dug his fingers into Wright's eyes. At that point, Wright loosened his grip on Plaintiff. Plaintiff alleges he then got off of Wright, walked out of the cell, and slammed the door behind him leaving Wright locked inside. Plaintiff contends he was charged with kidnaping, assault, resistance, escape, and obstructing official business.

Plaintiff's Amended Complaint does not specify a legal cause of action he intends to assert. In his Complaint, Plaintiff asserts the Defendants violated his human rights and his right to religion because he could not attend church or bible study when he was incarcerated in the jail.

## II.       Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure up unpled allegations. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and

the grounds upon which they rest. Plaintiff does not include any factual allegations or legal claims pertaining to Deputies Kisac or Kolpenstein. As it pertains to these Defendants, the Complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8.

Plaintiff's freedom of religion claims fail to state a claim. He alleges he was prevented from attending church or bible study because he was jailed. Prisoners retain the First Amendment right to the free exercise of their religion; however, the circumstances of jail or prison life may require some restrictions on the inmate's exercise of religious beliefs. *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir.1985). The Court is required to balance the inmate's interest in the free exercise of his religion against the state's legitimate interests in operating its jails and prisons. *Id*. Here, Plaintiff does not complain that a particular action of any Defendant prevented him from practicing his religion. Rather, he contends it is the fact that he is incarcerated that is preventing him from attending his church and bible study. He has not alleged facts the Defendants denied him freedom of religion.

It is possible Plaintiff is attempting to assert a claim for excessive force or for cruel and unusual punishment against Wright. Plaintiff indicates he was charged with assault, kidnaping, escape, and obstruction of official business as a result of the incident. The Summit County Court of Common Pleas docket indicates Plaintiff was convicted of these felony charges on November 16, 2018. Plaintiff's claim that the officer was the aggressor and not him would, if found to have merit, would call into question the validity of his conviction for assaulting the officer.

If the claim would call his conviction into question if found to have merit, Plaintiff must prove that the conviction or sentence was reversed on direct appeal or called into question by a

federal court's issuance of a writ of habeas corpus before he can proceed. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). When a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the claim must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the claim, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. In this case, Plaintiff claims the officer was the aggressor and he was defending himself. Self defense can be a defense to an assault charge. If this Court were to find in favor of the Plaintiff on this claim, his conviction for assaulting the officer would be called into question. Plaintiff cannot attack his collaterally attack his conviction through a civil rights action.

## IV.    Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Det: April 15, 2019                        s/John R. Adams
                                  JOHN R. ADAMS
                                  UNITED STATES DISTRICT JUDGE